UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4536**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC JECOBA BULLARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:06-cr-00047-F)

Argued:  September 25, 2008          Decided:  November 21, 2008

Before WILLIAMS, Chief Judge, GREGORY, Circuit Judge, and James C. CACHERIS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Sofie Wonderly Hosford, HOSFORD & HOSFORD, P.C., Wilmington, N.C., for Appellant.  Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant-Appellant Eric Jecoba Bullard (Bullard) appeals the final judgment entered by the United States District Court for the Eastern District of North Carolina (District Court) on May 16, 2007. For the reasons that follow, we affirm.

I.

Bullard appeals his conviction for distribution of a heroin-cocaine mixture (21 U.S.C. § 841(a)(1)), possession of a firearm with an obliterated serial number (18 U.S.C. § 922(k)), and possession of a firearm by a felon (18 U.S.C. § 922(g)(1)). Bullard was convicted following an investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Wilmington, North Carolina Police Department (Wilmington Police).

On May 13, 2005, Brian King, a confidential informant (CI) working for the ATF and the Wilmington Police, called Bullard and inquired about purchasing a gun from him. Bullard told King he would get him a gun. A few days later, King called Bullard again, this time asking to purchase heroin along with the gun. On May 17, 2005, King and Bullard arranged a meeting that occurred later that day. While sitting in a green Honda Accord, Bullard sold King a .38 caliber revolver with an obliterated serial number for $250 along with what has later determined to

2

be .7 grams of a heroin-cocaine mixture $100.  Near the end of the transaction, a Wilmington Police detective drove by the car and recognized Bullard, who had dreadlocks, from a picture he had viewed earlier that day.  On July 25, 2005, King picked Bullard out of a photo array as the person who sold him the drugs and the gun.

At trial, the defense rested without presenting evidence and renewed its motion for acquittal under Federal Rule of Criminal Procedure 29.  The District Court granted the motion with respect to Count II of the indictment, possession of a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)).  The jury convicted Bullard of the three remaining counts.

At the sentencing hearing, the prosecution sought two sentence enhancements.  The first was a four-level enhancement for possession of a firearm in connection with another felony offense, under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5).  The basis for the requested enhancement was Bullard's possession and sale of a firearm while he possessed and sold the heroin-cocaine mixture to the CI.  The defense argued that this enhancement was not applicable because it was based on the same evidence as Count II of the indictment, which the court dismissed under Rule 29.  The second was a two-level enhancement for possession of between three and seven firearms, under U.S.

3

Sentencing Guidelines Manual § 2K2.1(b)(1)(A), based on Bullard's possession, two months after his sale of contraband to the CI, of three firearms seized from a Jeep Grand Cherokee to which Bullard held the ignition key. The defense argued that the Government had presented insufficient evidence of Bullard's possession of those firearms.

The District Court found for the Government on both enhancements. It sentenced Bullard to 175 months' imprisonment on Count I (distribution), 60 months' imprisonment on Count III (obliterated serial number), and 120 months' imprisonment on Count IV (felony gun possession), to be served concurrently, followed by 3 years of supervised release. Bullard now appeals.

## II.

### A.   Sentencing

At sentencing, the Government bears the burden of proving the facts necessary to show that enhancements are warranted by a preponderance of the evidence. United States v. Garner, 243 F.3d 824, 828 (4th Cir. 2001). We review sentencing decisions for unreasonableness. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006) (citing United States v. Booker, 543 U.S. 220, 261 (2005)). In the sentencing context, this standard is "complex and nuanced." Id. While "intended to accommodate a range of discretion," it includes consideration of "whether the

4

sentence was guided by the Sentencing Guidelines and by the provisions of § 3553(a)." Id. Unreasonableness depends not on whether we agree with a particular sentence, see United States v. Newsom, 428 F.3d 685, 686-87 (7th Cir. 2005), but rather "whether the sentence was selected pursuant to a reasoned process in accordance with law . . . and [] effected a fair and just result," Green, 436 F.3d at 456. An error of law or fact can make a sentence unreasonable. Id. (citing United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990)). To this end, purely legal questions are reviewed de novo and purely factual questions for clear error.

## B.

We review the denial of a Rule 29 motion for judgment of acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). A guilty verdict will be sustained if, "viewing the evidence in the light most favorable to the Government, it is supported by 'substantial evidence.'" Id. (citing United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id.

III.

A.

In 2005, the United States Sentencing Guidelines provided for a four-level enhancement to the defendant's offense level if "the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2005). To apply this enhancement, the Government must prove, by a preponderance of the evidence, that the defendant possessed or used a gun and that the possession or use was in connection with another felony offense. United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). The "in connection with" requirement is explained as "facilitat[ing], or ha[ving] the potential of facilitating, another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) cmt. n.14(a) (2005); see also United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003). It does not include situations where the presence of a firearm is simply accidental or coincidental. United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000).

Bullard has conceded that he possessed or used a gun when he sold it to the CI. Before us is the question of whether the District Court properly determined that Bullard possessed or used that weapon "in connection with" his sale of the drugs.

6

Bullard argues that, under Blount, 337 F.3d at 411, the gun he sold to the CI did not "facilitate" the distribution of drugs. Blount was convicted for a burglary during which he stole a revolver and ammunition. Id. In affirming his sentence, this Court agreed that the Government had not shown that the revolver facilitated or had a tendency to facilitate the burglary. Id. There was no evidence that the defendant used the stolen weapon to intimidate occupants of the home or that he prepared for the burglary by carrying a firearm, thus Blount's possession of the gun was merely "spontaneous or coincidental". Id. (quoting Lipford, 203 F.3d at 266).

Bullard also cites Lipford, explaining that the gun was not present to "embolden" or to "protect" him. 203 F.3d at 266. In Lipford, the Court explained that the phrase "in relation to" in 18 U.S.C. § 924(c), which is synonymous with "in connection with," see Blount, 337 F.3d at 411, Garnett, 243 F.3d at 828-29, could refer to a transaction in which a drug dealer sold a gun along with drugs. 203 F.3d at 267. In order to encourage a "drug seller to take the risks inherent in selling contraband," we stated, a drug purchaser "can often 'sweeten the pot,' offering to purchase not only drugs, but other illegal goods as well. . . . [w]here that other illegal good is a firearm, [its] involvement in the drug transaction is not 'spontaneous' or 'co-incidental;' . . . [it] facilitates the drug transaction." Id.

7

The situation presented here is nearly identical to that in Lipford. In fact, Bullard's firearm appears to have played an even more important role because it constituted a larger portion of Bullard's sale. In Lipford, the defendant was paid $100 for one gun and more than $1390 for 34.5 grams of crack over the course of three transactions. 203 F.3d at 263-64. Here, Bullard made a single sale, the gun was the original item that the CI sought to purchase, and Bullard received $250 for the gun and $100 for the drugs. For these reasons, the District Court could properly find, by a preponderance of the evidence, that Bullard's sale of the gun constituted "use[] or possess[ion] of a firearm in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(5).

## B.

The Government also sought and received a two-level enhancement in offense level under United States Sentencing Guidelines Manual § 2K2.1(b)(1)(A). This guideline provides for an enhancement if the offense involved between three and seven firearms. The "offense" includes "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct)." U.S. Sentencing Guidelines Manual § 1B1.1 cmt. n.1(H).

At sentencing, the Government submitted that the firearms found in the Jeep Grand Cherokee two months after Bullard's transaction with the CI was "relevant" to the offenses that led

8

to Bullard's conviction.  The District Court agreed and also found that Bullard possessed those guns and that there were three firearms in the Jeep.  Bullard challenges only the determination that he "possessed" the guns.

"Possession" can be actual or constructive.  United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997).  Actual possession is physical control over property, while constructive possession exists if a defendant "exercised, or had the power to exercise, dominion and control over the item."  United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (quoting United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980)).  Constructive possession need not be exclusive and can be proven by circumstantial evidence.  Id.  The Government has never argued that Bullard had actual possession of the firearms.  Thus, the issue before this Court is whether the District Court properly found that Bullard constructively possessed the firearms in the Jeep.

We applied the "dominion and control" test for constructive possession in United States v. Zandi, 769 F.2d 229, 235 (4th Cir. 1985), finding that a defendant with actual possession of shipping documents had constructive possession of the contraband being shipped because the documents provided the ability to exert control over the package.  We also quoted with approval United States v. Martorano, 709 F.2d 863 (3d Cir.), cert.

9

denied, 464 U.S. 993 (1983), in which the Third Circuit held that the defendant constructively possessed drugs contained in a van to which he possessed keys to its front doors and to a padlock on its rear doors. Zandi, 769 F.2d at 234 (citing Martorano, 709 F.2d at 866).

We again addressed this standard in United States v. Blue, 957 F.2d 106 (4th Cir. 1992), where we held that the Government did not present sufficient evidence of "dominion and control" for the jury to find, beyond a reasonable doubt, that the defendant constructively possessed a certain gun. Id. at 108. The Government's only evidence in this case was the testimony of a police officer who pulled over a car because its occupants were not wearing seatbelts. The officer stated that he found a loaded .38 under the seat in which the defendant, a passenger, was sitting and that, when he approached the vehicle, he had seen Blue "dip" his shoulder as if reaching under the seat with his right hand. Id. at 107. In finding this evidence insufficient, we noted that the weapon was hidden under the seat, the car did not belong to Blue, and "no evidence indicated that Blue had ever been in that car before." Id. at 108.

A number of factual and legal differences between these cases lead us to find that Blue is not applicable here. First, the standard of proof applied to sentencing enhancements is a preponderance of the evidence; Blue was decided under the beyond

10

a reasonable doubt standard applicable at trial.  Second, at least one gun in the Jeep to which Bullard held the ignition key was in plain view, as was a magazine for an assault rifle; in Blue, the gun was hidden under a seat.  Finally, Bullard had actual possession of the Jeep's ignition key, while Blue was merely a passenger in the car.  Finally, we expressly noted that the facts in Blue "fall outside, but just barely, the realm of the quantum of evidence necessary to support a finding of constructive possession."  Id. at 108.

The District Court could properly find, by a preponderance of the evidence, that Bullard constructively possessed the firearms seized from the Jeep.  The court applied the correct legal standards and made no clear errors in its factual findings.  Relying on the cases addressing the "dominion and control" standard, it could properly conclude that Bullard's possession of the ignition key to the Jeep gave him "dominion and control" over the Jeep's contents.[*]

C.

Bullard argues that the sentence imposed by the District Court does not serve the purposes set forth in 18 U.S.C. §

---

[*]While actual possession of the ignition key of an automobile containing contraband is sufficient in the context of sentencing enhancements, we take no position on whether it would be sufficient to satisfy the "beyond a reasonable doubt" standard applied at a criminal trial.

3553(a)(2) and is, in any event, greater than necessary to serve those purposes. He also argues that a sentence of 175 months for distribution of .7 grams of a heroin-cocaine mixture is so disproportionate as to be unreasonable. In support of these arguments, Bullard notes that he was more of a drug user than seller, that he had provided care for his grandfather, who was afflicted with Alzheimer's, and that he is the father of a young child for whom he has paid child support.

The sentencing purposes identified in 18 U.S.C. § 3553(a)(2)(A) to (D) are "the four foundational purposes of sentencing . . . punishment, deterrence, incapacitation, and rehabilitation." United States v. Shortt, 485 F.3d 243, 248-49 (4th Cir. 2007) (citation omitted). "The proper application of § 3553(a) [] requires a sentencing court to focus on the four purposes of sentencing . . . and . . . the seven factors listed in § 3553(a)(1)-(7)." Id. at 249. "A sentence that fails to fulfill the purposes cannot be saved, even if it is supported by consideration of the six other factors." Id. at 249.

The District Court stated that it considered the § 3553(a) factors in determining Bullard's sentence. It also considered Bullard's care for his grandfather, his drug abuse problem, and his minor child. Finally, it recommended an intensive drug treatment program and vocational training on supervised release, and declined to impose a fine.

12

The Court notes that Bullard's assertion that he was sentenced to 175 months' imprisonment for selling .7 grams of heroin and cocaine is misleading. Bullard's sentence reflected a number of infractions, including constructive possession of several guns, the sale of drugs and of a firearm, and actual possession of a gun with an obliterated serial number. Bullard also has an extensive criminal history that illustrates his potential for recidivist behavior. Moreover, under the Sentencing Guidelines' grouping principles, the guideline that applied to Bullard was tied to his gun conviction, not the drug distribution; his drug trafficking merely enhanced his sentence by four levels. For all of these reasons, Bullard's sentence was not disproportionate to his crime. The District Court appropriately considered § 3553(a)(2) and selected a sentence that serves the statute's stated purposes.

## D.

Bullard claims the district court improperly denied his Rule 29 motion for a judgment of acquittal because the Government did not present sufficient evidence to prove that he was the person who sold the contraband to the CI. Bullard submits that because the CI had not met him before the sale occurred and because neither of the law enforcement officers who identified him actually saw Bullard engage in the sale of

13

contraband, the testimony of these witnesses is insufficient to identify Bullard as the perpetrator.

Bullard's argument in favor of his Rule 29 motion on the counts for which he was convicted has no merit. The CI picked Bullard out of a photo lineup and identified him in court as the man who sold him the contraband on May 17, 2005. A Wilmington Police detective testified that he saw Bullard, whom he recognized from a photograph, in the driver's seat of the green Honda Accord as the transaction was concluding. This officer also identified Bullard in court and stated that he had seen Bullard driving the Honda two months later. We need not address the remainder of the Government's evidence, given the overwhelming sufficiency of the above. The jury had sufficient evidence from which to identify Bullard as the guilty party and to find him guilty of the charges presented.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

14