**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5188**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JASON CUMMINGS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00226-HEH-1)

Submitted:  July 7, 2009                   Decided:  July 22, 2009

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Nia Ayanna Vidal, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Cummings appeals his 225-month sentence for possession with intent to distribute heroin. Cummings raises three issues on appeal. First, Cummings contends that the district court's use of his post-arrest statements in calculating his sentence violated due process. Next, Cummings argues that the district court erred in finding Cummings's post-arrest statements corroborated and reliable. Finally, Cummings asserts that his 225-month sentence was unreasonable, as the district court failed to adequately consider Cummings's history and personal characteristics, or otherwise address the arguments Cummings's attorney made during sentencing. Finding no merit in these arguments, we affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). This review requires our consideration of both the procedural and substantive reasonableness of a sentence. 128 S. Ct. at 597.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory guideline range. Id. at 596-97. We then consider whether the district court failed to consider the 18 U.S.C. § 3553(a) factors and any arguments presented by the parties, selected a sentence based on "clearly

2

erroneous facts," or failed to sufficiently explain the selected sentence.  <u>Gall</u>, 128 S. Ct. at 597.

When imposing sentence, the district court "'must make an <u>individualized</u> assessment based on the facts presented.'. . . That is, the sentencing court must apply the relevant § 3553(a) factors to the specific circumstances of the case before it. Such individualized treatment is necessary 'to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'"  <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (quoting <u>Gall</u>, 128 S. Ct. at 598).

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007) (quoting <u>Gall</u>, 128 S. Ct. at 597).  When reviewing the district court's application of the sentencing guidelines, this Court reviews findings of fact for clear error and questions of law de novo.  <u>United States v. Osborne</u>, 514 F.3d 377, 387 (4th Cir.), <u>cert. denied</u>, 128 S. Ct. 2525 (2008). A sentence within the properly calculated guideline range may be afforded an appellate presumption of reasonableness.  <u>Rita v.</u>

_United States_, 551 U.S. 338, ___, 127 S. Ct. 2456, 2459, 2462 (2007).

Cummings first asserts that the district court violated his due process rights when it used his post-arrest statements about drug trafficking as relevant conduct in calculating the drug weight attributable to him. Specifically, though Cummings was arrested with approximately ninety grams of heroin, the district court found him responsible for eighteen kilograms.

We find no error by the district court. We have expressly authorized lower courts to consider acquitted or uncharged conduct in establishing drug amounts in sentencing, as long as the quantities are established by a preponderance of the evidence. _United States v. Perry_, 560 F.3d 246, 258 (4th Cir. 2009). Accordingly, Cummings's due process argument fails.

Cummings next argues that the district court erred in adopting the probation officer's calculation of the attributable drug weight, as the post-arrest statements were uncorroborated and lacking sufficient indicia of reliability. We disagree. After twice being advised of his _Miranda_[*] rights, Cummings admitted that he had distributed one and a half kilograms of heroin per month in the year prior to his arrest. These

---

[*] _Miranda v. Arizona_, 384 U.S. 436 (1966).

4

statements were corroborated by the fact that Cummings was arrested while driving en route from New York to North Carolina, in a rental car leased neither in Cummings's name nor in the names of the other passengers. Cummings was arrested with ninety grams of heroin, which he informed police would be used in determining whether to expand his drug business to another region. Finally, the information Cummings gave regarding the procedures used to transport drugs for his business was corroborated by the testimony of an agent of the Drug Enforcement Administration, based on his general knowledge of drug distribution and his conversation with a law enforcement officer in New York. "[T]he exclusion of reliable evidence hampers the ability of sentencing courts to consider all relevant information about the defendant in selecting an appropriate sentence." United States v. Nichols, 438 F.3d 437, 444 (4th Cir. 2006). Given the established reliability of Cummings's post-arrest statements, the district court did not err in using these statements to determine Cummings's appropriate offense level.

Finally, Cummings argues that his 225-month sentence was procedurally and substantively unreasonable. Concerning procedural reasonableness, Cummings does not contend that the district court incorrectly calculated his advisory guideline range, with the exception of the district court's consideration

5

of Cummings's post-arrest statements, discussed supra.  Our review of the record convinces us that the district court correctly calculated Cummings's advisory guidelines range at 188 to 235 months.

Instead, Cummings asserts that the district court failed to adequately consider Cummings's history and personal characteristics.  This argument lacks merit.  The district court took into account Cummings's history and characteristics, as demonstrated by its classification of Cummings as a "major drug trafficker" who had been "involved in distributing major quantities of heroin for quite a period of time."  In light of Cummings's extensive involvement in the drug trade, the district court determined that a sentence toward the upper end of the guideline range was appropriate.

The explanation offered by the district court was sufficient to demonstrate its individualized assessment of the circumstances of Cummings's case prior to pronouncing the sentence.  Indeed, "when a judge decides to simply apply the [g]uidelines to a particular case, doing so will not necessarily require lengthy explanation."  Rita, 127 S. Ct. at 2468.  Instead, where "[c]ircumstances . . . make clear that the judge rests his decision upon the Commission's own reasoning that the [g]uidelines sentence is a proper sentence," extensive explanation of the sentence is unnecessary.  Id.  Here, the

6

court indicated it had considered all the guideline factors, and delineated specific factors it found to be of particular importance. It then pronounced a sentence within the guidelines range. See Rita, 127 S. Ct. at 2459, 2462 (approving appellate presumption of reasonableness to sentence within guidelines range). Accordingly, we find that the court adequately considered and explained the factors that led to the sentence imposed. Cummings's challenge to his sentence is accordingly without merit.

Therefore, we affirm Cummings's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and further argument will not aid the decisional process.

AFFIRMED