**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4767**

───────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

HOWARD LAMONT BLUE,

              Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.  (5:10-cr-00208-F-1)

───────────

Submitted:  July 15, 2012              Decided:  July 30, 2013

───────────

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Assistant United States Attorney, Yvonne V.
Watford-McKinney, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Lamont Blue pleaded guilty in the Eastern District of North Carolina to one count of conspiring to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846; three counts of distributing fifty grams or more of crack, in violation of 21 U.S.C. § 841(a)(1); and one count of possessing fifty grams or more of crack with the intent to distribute the same, in violation of 21 U.S.C. § 841(a)(1). On September 11, 2012, the district court sentenced Blue to 188 months in prison. In this appeal, Blue contends that (1) his court-appointed counsel was ineffective; (2) the drug quantities used in calculating his advisory Sentencing Guidelines range were unsupported by reliable evidence; (3) the Guidelines' 18:1 ratio of crack to powder cocaine violates the Constitution; and (4) the court violated his constitutional rights by warning him that false denials of relevant conduct identified in the presentence investigation report (the "PSR") would cause him to lose credit for acceptance of responsibility. We reject each contention and affirm.

An ineffective assistance of counsel claim is not cognizable on direct appeal of a criminal judgment unless "the record conclusively establishes ineffective assistance." United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Where ineffective assistance is not conclusively established by

2

the record, "the proper avenue for such claims is a 28 U.S.C. § 2255 motion filed with the district court." Id. Because the record in this case does not conclusively establish that the performance of Blue's counsel "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), we decline to consider this issue on direct appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).[*]

We must also reject Blue's assertion that the drug quantities identified in the PSR and adopted by the district court were unsupported by competent evidence. The court's calculation of the quantity of drugs attributable to Blue for sentencing purposes is a factual determination that we review only for clear error. See United States v. Randall, 171 F.3d 195, 211 (4th Cir. 1999). At sentencing, the government was obliged to prove those drug quantities by a preponderance of the evidence. See United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). When drug quantities cannot be proven by actual seizures or other direct evidence, the government must present evidence from which the sentencing court may "approximate the

---

[*] Blue has requested, alternatively, that we appoint counsel to assist in the preparation of a petition under 28 U.S.C. § 2255. Like Blue's claim of ineffective assistance of counsel, this request is premature. Pursuant to 18 U.S.C. § 3006A(a)(2), a United States magistrate judge or district court may appoint counsel to financially eligible persons seeking relief under § 2255, if the interests of justice so require.

quantity." Id. (internal quotation marks omitted). In so doing, the court is permitted to rely on direct or hearsay testimony of lay witnesses as to the quantities attributable to the defendant. See id. Here, the drug quantities attributed to Blue were derived from a post-arrest statement that he made to the arresting officer and from a statement made to law enforcement by a co-conspirator who regularly purchased drugs from Blue. The district court credited those statements at sentencing, and did not clearly err in so doing.

Blue's constitutional challenge to the 18:1 ratio of crack to powder cocaine likewise must fail. Because the issue was not raised below, it is reviewed only for plain error. See United Stats v. Olano, 507 U.S. 725, 732 (1993); Fed. R. Crim. P. 52(b). Even before Congress passed the Fair Sentencing Act, which reduced the crack to powder ratio from 100:1 to 18:1, see Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012), we repeatedly affirmed the constitutionality of the higher sentencing ratio against both equal protection and due process challenges. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994); United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir. 1993). To the extent that Blue seeks reconsideration of those decisions, a panel of this court cannot overrule the decision of

a prior panel.  See United States v. Simms, 441 F.3d 313, 318 (4th Cir. 2006).

Finally, we reject Blue's contention that the district court violated his Fifth Amendment rights when it informed him that false denials of relevant conduct identified in the PSR would cause him to lose credit for acceptance of responsibility. Section 3E1.1 of the Guidelines provides for a two-level decrease to a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."  USSG § 3E1.1(a).  At sentencing, Blue objected to the drug quantities attributed to him in the PSR by (1) denying having made any statement to the arresting officer, and (2) seeking to discredit the statement of his co-conspirator. Before hearing evidence on those objections, the court informed Blue that, in the event his factual denials were found to be false and his objections thereby overruled, he would lose the two-level reduction for acceptance of responsibility.  The court left Blue with the choice of pursuing his objections, which Blue then elected to withdraw.

The district court applied the acceptance of responsibility provision in accordance with the application notes thereto, which provide that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of

responsibility." USSG § 3E1.1 cmt. n.1. Blue's constitutional challenge to that provision must fail as contrary to United States v. Frazier, 971 F.2d 1076, 1082 (4th Cir. 1992), in which we concluded that "the Fifth Amendment is not offended" by the choice imposed upon defendants by USSG § 3E1.1.

Pursuant to the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED