**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0179n.06

Case No. 14-1256

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Mar 06, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ANTONIO JERMAINE WILLIAMS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. After pleading guilty to a felon-in-possession charge, Antonio Jermaine Williams appeals his 108-month sentence challenging the district court's inclusion of an enhancement under U.S.S.G. § 2K2.1(b)(6)(B). That guideline provides a four-level enhancement for possessing a firearm "in connection with another felony." Finding neither clear error in the district court's factual determinations nor procedural error in the court's guidelines calculation, we AFFIRM.

This appeal arises from a dispute over money Williams loaned his cousin Kewane Brown and a rifle Brown gave him as collateral. On April 18, 2013, Williams went to Brown's apartment to confront him about the money, but nobody answered the door, and Williams left in a red minivan. The parties agree that Williams brought the rifle in the van, but dispute whether

he carried the gun to the door to threaten Brown.  Police, responding to a 911 call made by Brown's girlfriend while Williams was at the door, caught up to Williams on the road.  During the ensuing traffic stop, Williams admitted that he was driving under the influence of alcohol, and police found two firearms, including the rifle.  Williams pleaded guilty to a felon-in-possession charge.  *See* 18 U.S.C. §§ 921(a), 922(g)(1), and 924(a)(2).

The presence report (PSR) recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense, specifically attempted felonious assault.  Williams objected to the enhancement, claiming that he brought the gun to return it to Brown but left it in the van while at the apartment.  Crediting the PSR's account of Williams's hostility toward Brown, the district court overruled the objection, finding that Williams possessed the firearm in connection with another felony, albeit a different crime than the one recommended by the PSR: carrying a dangerous weapon with the intent to use it unlawfully against another person.  *See* Mich. Comp. Laws § 750.226.  On appeal, Williams challenges the sufficiency of the evidence supporting this enhancement.  We review the court's factual findings for clear error and "accord 'due deference'" to the "fact-bound question" of whether Williams possessed the firearm in connection with another felony.  *United States v. Taylor*, 648 F.3d 417, 431–32 (6th Cir. 2011).

The application note for U.S.S.G. § 2K2.1(b)(6)(B) explains that the sentencing enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* cmt. n.14(A).  Because of the guideline's broad wording, our cases instruct that the government must show, by a preponderance of the evidence, "a nexus between the firearm and an independent felony." *Taylor*, 648 F.3d at 432 (quoting *United States v. Angel*,

576 F.3d 318, 321 (6th Cir. 2009)).  Coincidental possession of a firearm during an offense will not suffice.  *Id.*

Williams denies intending to use the gun during his visit to Brown's apartment, stressing that he left it in the car, wrapped in a shopping bag and orange shirt.  Sure enough, officers ultimately found the gun in that condition during the traffic stop.  But the district court generally discounted Williams's testimony as self-serving, and specifically rejected his testimony about leaving the gun in the car as contrary to his intention of returning the gun to Brown.  (*See* R. 38, Sent'g Tr. at 36 ("I don't know how you return the firearm without taking it out of the van and walking up to the apartment and giving it to Mr. Brown.").)  The court also credited the PSR's account of information provided by Williams's cell mate, who claimed that Williams admitted going to Brown's apartment to "fuck him up."  (*See id.*; PSR ¶ 23.)

The PSR contains additional details from Brown's statements to officers that support the district court's intent finding: (1) Williams, who had been drinking, started an altercation about the debt earlier that day; (2) Brown received a text message from his mother warning him that Williams was coming to see him and bringing a gun; and (3) Williams approached Brown's apartment carrying an object in a white shopping bag and pounded on the door, but Brown remained silent, believing that the object was a gun.  After considering these statements, Williams's testimony, and the contemporaneous 911 recording, the district court concluded:

> It's clear . . . that Mr. Williams was under the influence of liquor, he was mad that night, pissed off, in his words to the police.  Obviously his demeanor was such that it required a phone call . . . that Mr. Williams was coming over.  And the Court concludes, as I said, by a preponderance of the evidence, that he was bringing that firearm over there to get from Mr. Brown the 100 bucks.

Though the court did not specify how Williams intended to use the gun, the court clearly rejected Williams's account of a peaceful exchange, implicitly concluding that Williams brought the gun

to Brown's apartment in a hostile manner. This finding links Williams's possession of the firearm to independent felonious misconduct and thus distinguishes this case from those involving inaccessible firearms. *See, e.g.*, *United States v. Lawrence*, 308 F.3d 623, 630–31 (6th Cir. 2002) (overturning conviction where record lacked evidence tying an unloaded firearm stored in a cupboard to drug-trafficking crimes).

The court permissibly relied on the PSR's hearsay statements, *see United States v. Moncivais*, 492 F.3d 652, 658–59 (6th Cir. 2007), and sufficient evidence supports its conclusion that Williams took the rifle with the intent to use it against a person. Williams therefore fails to show procedural error in the court's application of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement.

We AFFIRM the district court's sentencing judgment.