NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0517n.06

Case No. 18-3056

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Oct 17, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) |  |
| KEVIN FLETCHER, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |

BEFORE: KEITH, COOK, and LARSEN, Circuit Judges.

COOK, Circuit Judge. Kevin Fletcher pleaded guilty to trafficking drugs and possessing firearms as a felon. The district court applied USSG § 2K2.1(b)(6)(B)'s four-level sentencing enhancement for Fletcher's possession of firearms "in connection with another felony offense," and Fletcher appealed. Because the district court did not clearly err in finding that Fletcher possessed firearms "in connection with" his felonious drug-trafficking, we AFFIRM.

**I.**

In the summer of 2014, Fletcher sold escalating amounts of cocaine base and firearms—sometimes individually, and sometimes together—to a confidential informant for the Bureau of Alcohol, Tobacco, Firearms and Explosives. A grand jury ultimately indicted Fletcher for a slew of gun and drug crimes, including distribution of cocaine base, 18 U.S.C. §§ 841(a)(1) and (b)(1)(C), and unlawfully possessing firearms as a felon, 18 U.S.C. § 922(g)(1). Fletcher pleaded

guilty to all of the indictment's charges, and the United States Probation Office prepared a presentence investigation report (PSR) to assist in his sentencing.

During sentencing, Fletcher objected to the PSR's recommendation of a four-level sentencing enhancement for possessing a firearm in connection with another felony offense, USSG § 2K2.1(b)(6)(B), claiming that, because he sold drugs and guns in separate, distinct transactions, his conduct did not merit the enhancement. The four-level increase yielded an advisory guidelines range of 100 to 125 months. And Fletcher contended that, absent the enhancement, his guidelines range should be 70 to 87 months. After reviewing memoranda from both parties and hearing oral argument, the district court determined that Fletcher's firearm possession facilitated his drug trafficking and applied the enhancement, but departed downward and imposed a sentence of 90 months' imprisonment followed by five years of supervised release. Fletcher appealed.

## II.

### A.

"In the specific context of the § 2K2.1(b)(6)(B) firearm enhancement, we review the district court's factual findings for clear error and accord due deference to the district court's determination that the firearm was used or possessed in connection with the other felony, thus warranting the application of the . . . enhancement. The government bears the burden of establishing the factors supporting this enhancement by a preponderance of the evidence." *United States v. Jackson*, 877 F.3d 231, 236 (6th Cir. 2017) (internal quotations omitted) (alteration in

original). "A district court's interpretation of a [Sentencing] Guidelines provision presents a legal question subject to de novo review." *United States v. Henry*, 819 F.3d 856, 864 (6th Cir. 2016).

**B.**

"[D]rugs and guns are a dangerous combination." *Smith v. United States*, 508 U.S. 223, 240 (1993). Recognizing that, the sentencing guidelines provide a four-level sentencing enhancement when a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). Annotations to the guidelines explain that the enhancement applies when "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." USSG § 2K2.1 cmt. n.14(A).

To limit "the guideline's broad wording," *United States v. Williams*, 601 F. App'x 423, 424 (6th Cir. 2015), our cases require that the government prove "a nexus between the firearm and an independent felony," *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011) (citation omitted). "[D]emonstrating this nexus is not a particularly onerous burden," but the government must demonstrate more than just "simultaneous but coincidental possession of firearms and drugs." *United States v. Davis*, 372 F. App'x 628, 629–30 (6th Cir. 2010). Proving that a defendant sold both guns and drugs in the same transaction, however, moves the needle "beyond coincidental simultaneous possession" and "suggests that the [firearm] facilitated, or at least had the potential to facilitate, the drug deal." *Id.* at 630; *see also United States v. Bullard*, 301 F. App'x 224, 228 (4th Cir. 2008) (noting that where a defendant simultaneously sold guns and drugs, "the District Court could properly find, by a preponderance of the evidence, that [a defendant]'s sale of the gun constituted 'use[ ] or possess[ion] of a firearm in connection with another felony offense.'" (citing USSG § 2K2.1(b)(6)) (alterations in original)). A simultaneous sale suggests that guns

"sweeten[ed] the pot" or "ma[de] the sale of the [drugs] easier" by reducing "transaction costs attendant to each sale." *Henry*, 819 F.3d at 869.

Here, the government met its burden of proof, adequately connecting Fletcher's guns with his drug-trafficking. Its sentencing presentation included an addendum to Fletcher's PSR, where a probation officer stated that Fletcher sold drugs and guns to a confidential informant "during the same transactions." And until this appeal, Fletcher neither disputed this account, nor produced any evidence to the contrary. The record thus supports the district court's determination that Fletcher's gun possession facilitated his drug trafficking. *See United States v. House*, 872 F.3d 748, 752 (6th Cir. 2017) ("A district court may generally rely on the PSR's facts unless the defendant produces evidence that contradicts the PSR's findings.")

Fletcher argues that the district court improperly imposed the enhancement because the government failed to connect Fletcher's drug-trafficking with his gun-possession. In support, Fletcher cites our recent opinion in *United States v. Jackson*, where a divided panel found no connection between drugs and guns when a defendant carried out each sale independently, separately retrieved the guns and drugs for each sale, and did not negotiate later sales during earlier ones. 877 F.3d 231, 242 (6th Cir. 2017).

But *Jackson*'s record involved "no joint sales, nor any joint negotiations"—all sales of drugs and guns, though sequential, were unrelated and independent. *Id.* at 241. By contrast, according to Fletcher's PSR, at least two of his six sales involved *both* drugs and guns, and during a third, Fletcher offered to sell the confidential informant an assault rifle. As we explained in *Jackson*, "where 'sales of the gun and the drugs were negotiated, at least in part, during the same meeting, and they occurred contemporaneously,' we have likewise found sufficient justification to conclude that the guns facilitated the drug trafficking." *Id.* (quoting *Henry*, 819 F.3d at 869).

**III.**

Deferring to the district court's record-supported findings that Fletcher sold guns and drugs as a package deal, we conclude that he possessed firearms "in connection with" his felonious drug-trafficking, and that the district court did not clearly err in enhancing Fletcher's sentence. We AFFIRM.