**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4716

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANIQUAWA LATIFAH HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:21-cr-00064-HEH-1)

Submitted:  January 3, 2023                    Decided:  March 29, 2023

Before WYNN, THACKER AND RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaniquawa Hill ("Appellant") pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 75 months imprisonment. Appellant challenges the district court's imposition of a two-level enhancement for an offense involving three to seven firearms pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(1)(A). Specifically, Appellant challenges (1) the admissibility and reliability of Appellant's uncorroborated post-*Miranda* statements pertaining to three additional firearms (other than the firearm of conviction); and (2) the Government's failure to recover and/or examine any of the four separate and additional firearms the district court attributed to Appellant (other than the firearm of conviction).

As an initial matter, "[f]ederal courts historically have exercised . . . broad discretion to consider all relevant information at an initial sentencing hearing, consistent with their responsibility to sentence the whole person before them." *Concepcion v. United States*, 142 S. Ct. 2389, 2398 (2022). Turning first to Appellant's challenge to her own prior statements, "[i]t is well established that, at sentencing, the district court 'may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" *United States v. Pineda*, 770 F.3d 313, 318 (4th Cir. 2014) (U.S.S.G. § 6A1.3(a)); *see also* Fed. R. Evid. 1101(d)(3) (stating that the rules of evidence are inapplicable to sentencing proceedings). And, even where the rules of evidence do apply, statements against interest -- supported by corroborating circumstances clearly indicating the statements' trustworthiness -- serve as an exception to the rule against

2

hearsay. Fed. R. Evid. 804(3)(A)–(B). Therefore, we need not assess the admissibility of Appellant's prior statements. Rather, we review whether the district court abused its discretion in determining that the statement was sufficiently reliable to be considered at sentencing. *See United States v. Gilliam*, 987 F.2d 1009, 1014 (4th Cir. 1993).

The Government bears the burden of proving the applicability of a sentencing enhancement by a preponderance of the evidence. *See United States v. Bullard*, 301 F. App'x 224, 226 (4th Cir. 2008) (stating that "[a]t sentencing, the Government bears the burden of proving the facts necessary to show that enhancements are warranted by a preponderance of the evidence"). Here, Appellant provided a post-*Miranda* statement to law enforcement where she detailed the (1) number of firearms she discharged; (2) type of firearms; (3) location where she discharged the firearms; and (4) manner in which the firearms were discharged. J.A. 88–89. Based upon the level of detail and context surrounding Appellant's statement, the district court did not abuse its discretion in determining that Appellant's post-*Miranda* statement bore an indicium of reliability. *See United States v. Blue*, 536 F. App'x 353, 355 (4th Cir. 2013) (per curiam) (holding that the district court did not err in crediting defendant's post-arrest statement to support drug quantities for purposes of sentencing). Moreover, Appellant's statement was corroborated by text messages wherein she sought to acquire firearms, photographs of Appellant with objects identified by the Bureau of Alcohol, Tobacco, Firearms and Explosives as actual firearms, and Appellant's possession of a Taurus PT111 G2A 9mm firearm on the date of her arrest. *See United States v. Cummings*, 337 F. App'x 313, 315 (4th Cir. 2006) (per curiam) (holding that the district court did not err in utilizing post-arrest statements for

purposes of determining defendant's appropriate offense level where those statements have established reliability).

Thus, the district court did not abuse its discretion by imposing a two-level enhancement per U.S.S.G. § 2k2.1(b)(1)(A) for an offense involving three to seven firearms. We need not reach the merits of Appellant's challenge to the four remaining firearms because attributing the three firearms detailed in Appellant's post-*Miranda* statement to Appellant, plus the firearm of conviction,[*] is sufficient to warrant a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1).

For the foregoing reasons, the district court's imposition of a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1) is

*AFFIRMED.*

---

[*] As the Taurus PT111 G2A firearm is a 9mm, it is conceivable that this is the "9" Appellant admitted to discharging at her grandfather's home the day prior to her arrest. However, this does not impact the two-level enhancement as, even assuming duplication on this firearm, there remain three firearms attributable to Appellant.