[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12175
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20701-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN JOEL REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2016)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Norman Reyes appeals his total 188-month sentence for possession with

intent to distribute a detectable amount of heroin in violation of 21 U.S.C.

§ 841(b)(1)(C), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  On appeal, Reyes argues that the district court erred in enhancing his sentence for using or possessing a firearm "in connection with another felony offense" pursuant to United States Sentencing Guidelines § 2K2.1(b)(6)(B).  Reyes contends that the firearm, which he sold in the same transaction as he sold heroin, did not either facilitate or have the potential to facilitate another felony offense as required by that provision of the Guidelines.

The district court's determination that a firearm was possessed "in connection with" another felony offense is a finding of fact that we review for clear error.  United States v. Whitfield, 50 F.3d 947, 949 & n.8 (11th Cir. 1995) (per curiam).

Under § 2K2.1(b)(6)(B), a four-level sentencing enhancement is appropriate if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."  USSG § 2K2.1(b)(6)(B).  This enhancement can be applied "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."  USSG § 2K2.1, cmt. n.14(A). The enhancement also applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug

2

paraphernalia . . . because the presence of the firearm has the potential of facilitating another felony offense or another offense." Id. cmt. n.14(B).

We have given "an expansive interpretation" to the phrase "in connection with" as it is used in § 2K2.1(b)(6)(B). See United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002) (interpreting the phrase as it appeared in § 2K2.1(b)(5), the predecessor provision to § 2K2.1(b)(6)(B)). We have also held that "[a] firearm found in close proximity to drugs or drug-related items simply 'has'—without any requirement for additional evidence—the potential to facilitate the drug offense." United States v. Carillo-Ayala, 713 F.3d 82, 92 (11th Cir. 2013).

The district court did not clearly err in applying the § 2K2.1(b)(6)(B) enhancement to Reyes. Reyes sold a firearm and heroin in the same transaction. As part of that transaction, Reyes also sold a substance containing "cut," which is a non-drug substance intended to be added to heroin to dilute it before resale, as well as eight rounds of ammunition for the firearm. There was no clear error in the district court finding that the sale of the firearm both facilitated the simultaneous drug transaction and had the potential to facilitate future drug resale transactions. See Carillo-Ayala, 713 F.3d at 92. Upon careful review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**

3