## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2019

Lyle W. Cayce
Clerk

No. 18-40601

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISAAC DWAYNE CALDWELL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-774-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

The Defendant Isaac Caldwell pled guilty to being a felon in possession of a firearm. The district court applied a sentencing enhancement over Caldwell's objection for possessing a firearm in connection with another felony offense, namely, drug trafficking. We conclude that the enhancement is applicable and thus AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40601

## BACKGROUND

In October 2017, the Bureau of Alcohol, Tobacco, and Firearms learned that Caldwell was seeking a source to supply him with cocaine. An undercover ATF agent posed as a seller and contacted Caldwell to discuss a possible sale. The agent learned that Caldwell planned to distribute the cocaine to other people. Caldwell told the agent that "the people with the money were located in Atlanta, Georgia," but that he had several firearms that he could give the agent as a down payment for the drugs. The agent agreed to this arrangement.

Caldwell met the agent in a movie theater parking lot, where Caldwell gave the agent a rifle and over one thousand rounds of ammunition. Caldwell then drove away. There were no drugs at the scene of the encounter. After the encounter, the agent continued to communicate with Caldwell regarding the sale, but no cocaine was ever exchanged with Caldwell.

Caldwell was eventually arrested and indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Caldwell pleaded guilty without a plea agreement. At sentencing and over Caldwell's objection, the district court applied a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. Caldwell was ultimately sentenced to 77 months in prison. Caldwell now appeals the application of the enhancement.

## STANDARD OF REVIEW

"This court reviews the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error." *United States v. Coleman*, 609 F.3d 699, 708

(5th Cir. 2010) (internal citation omitted). "The district court's determination of the relationship between the firearm and another offense is a factual finding." *Id.*

## DISCUSSION

We conclude that the district court correctly applied the sentencing enhancement to Caldwell. Under that enhancement, "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." U.S.S.G. § 2K2.1(b)(6)(B). The relevant Application Notes provide more explanation. Application Note 14(A) is labeled "In General" and states that the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. § 2K2.1 cmt. n. 14(A). Application Note 14(B) is labeled "Application When Other Offense is Burglary or Drug Offense." It states that the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1 cmt. n. § 14(B).

A glance at the titles of these application notes might suggest that Note 14(B) applies exclusively when the "other offense" is burglary or drug trafficking offenses, and Note 14(A) applies when the "other offense" is everything else. A closer examination, however, reveals that Note 14(B) is not the exclusive way in which the enhancement applies to drug trafficking offenses. Therefore, 14(A) may apply when the other offense is one for drug trafficking.

First, nothing in 14(B)'s text indicates that it creates the exclusive rule when drug trafficking is the "other offense." It says that the Guideline applies "in the case of a drug trafficking offense in which a firearm is found in close

proximity to drugs," not that the Guideline applies *only* in such a case.  It is true that this court said in *United States v. Jeffries* that while Note 14(B) applies to drug trafficking offenses, "all other felony offenses" fall under Note 14(A).  587 F.3d 690, 692–93 (5th Cir. 2009).  But the court made this statement to clarify that 14(B) does not apply to mere drug *possession* (as opposed to trafficking).  *See id.* at 693.  In other words, *Jeffries* does not mean that for drug trafficking, 14(B) is the only relevant application note, unlike drug possession.

Additionally, other circuits all indicate that meeting 14(B) is a sufficient but not necessary way in which the enhancement may apply to drug trafficking offenses.  *See United States v. Paneto*, 661 F.3d 709, 717-18 (1st Cir. 2011); *United States v. Jenkins*, 566 F.3d 160, 163 (4th Cir. 2009); *United States v. Fuentes Torres*, 529 F.3d 825, 827 (8th Cir. 2008).  Indeed, the Sentencing Commission adopted 14(B) as a "second clarification" after 14(A) to explain that "in the case of a drug trafficking offense, there is a sufficient nexus between the gun and the offense when the firearm is found in close proximity to the drugs." *Paneto*, 661 F.3d at 717 (internal quotation marks and emphasis omitted).  That clarification highlights one way in which a gun can facilitate a drug trafficking offense, not the only way.  *See United States v. Reyes*, 668 F. App'x 858, 858–59 (11th Cir. 2016) (explaining, in a drug trafficking case, that section 2K2.1(b)(6)(B) applies if the gun facilitated an offense under Note 14(A) and "also applies" under Note 14(B) if the other offense is drug trafficking; upholding enhancement against defendant who sold gun and drugs in one transaction because the sale of the gun "both facilitated the simultaneous drug transaction and had the potential to facilitate future drug resale transactions").  For these reasons, we conclude that Note 14(B) is not

the exclusive way in which § 2K2.1(b)(6)(B) can apply to drug trafficking offenses.

Because 14(B) is not exclusive, 14(A), the general rule, may apply to Caldwell.  Caldwell gave the ATF agent a gun as a down payment for drugs.  Thus, "the firearm . . . facilitated, or had the potential of facilitating, another felony offense or another offense, respectively," namely, attempted drug trafficking.  U.S.S.G. § 2K2.1 cmt. n. 14(A).  The district court did not clearly err in finding that the gun facilitated Caldwell's attempted trafficking offense.

The district court's sentence is therefore **AFFIRMED.**