17-3919(L)
United States v. Ryan et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2018

(Argued: June 25, 2019          Decided: August 16, 2019)

Docket Nos. 17-3919-cr(L), 17-3969-cr(CON), 18-985-cr(CON)

———————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.

JAHKEEM RYAN, AKA JAH BANKO, MAURICE WOOD, AKA PIFF,

*Defendants-Appellants.*

———————————————————

Before:

JACOBS, LOHIER, and CARNEY, *Circuit Judges*.

In this appeal, we consider whether a district court errs in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) to a defendant who sells a firearm and drugs to a buyer in a single transaction or to a buyer who the defendant has reason to believe is a drug dealer.  We hold that a district court may apply the enhancement in either situation and accordingly **AFFIRM** the District Court's judgment with respect to Maurice Wood.  The consolidated appeal of Jahkeem Ryan is **AFFIRMED** in a simultaneously filed summary order.

PAUL D. SILVER, Assistant United States
Attorney, *for* Grant C. Jaquith, United

States Attorney for the Northern District of New York, Albany, NY, *for Appellee* United States of America.

TODD GREGORY MONAHAN, Schenectady, NY, *for Defendant-Appellant* Jahkeem Ryan.

KEVIN A. LUIBRAND, Luibrand Law Firm, PLLC, Latham, NY, *for Defendant-Appellant* Maurice Wood.

LOHIER, *Circuit Judge*:

Maurice Wood appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, J.) sentencing him principally to a term of imprisonment of fifty-seven months.[1]  This opinion addresses Wood's challenge to the District Court's application of a four-level enhancement under § 2K2.1(b)(6)(B) of the United States Sentencing Guidelines, which, as noted, provides for an enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense" or if the defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  We consider whether that

---

[1] A separate summary order filed simultaneously with this opinion resolves the consolidated appeal of Wood's codefendant-appellant, Jahkeem Ryan.

enhancement can apply to a defendant who sells a firearm and drugs either to a buyer in a single transaction or to a buyer who the defendant has reason to believe is a drug dealer. We hold that a district court may apply the enhancement in either situation and accordingly **AFFIRM** the District Court's judgment with respect to Wood.

## BACKGROUND

In 2015 Wood and codefendant Jahkeem Ryan sold heroin to an individual who was a confidential government informant (referred to here as the "CI").[2] In late August of that year Wood told the CI to go to an address in Kingston, New York, where Ryan sold him about nine grams of heroin. In early September Ryan and Wood sold the CI approximately thirty-four more grams of heroin packaged into bags for individual sale. A week later Wood arranged for the CI to buy: ten bundles of heroin for $1,000; and a Smith and Wesson AR-15 rifle and a Mossberg shotgun for $600. But Wood did not have the AR-15 with him on the day of the sale. To make up for not providing the AR-15, Ryan and Wood gave the CI significantly more heroin for the same total price they had originally negotiated. In a final controlled buy later that month, Ryan sold the CI

---

[2] The facts in this opinion are drawn from the presentence investigation report for Maurice Wood, which was filed under seal.

approximately nineteen grams of heroin, packaged for resale into ninety-nine bags.

Wood was arrested in 2016 and eventually pled guilty to two counts of possession with intent to distribute heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851, and one count of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, the District Court relied on Guidelines § 2K2.1(b)(6)(B) to apply a four-level enhancement to Wood's sentence. The enhancement increased the top end of the Guidelines range by 25 months. See U.S.S.G. ch. 5, pt. A (2016).

## DISCUSSION

On appeal, Wood argues that the enhancement under § 2K2.1(b)(6)(B) does not apply to the sale of heroin and the shotgun in this case because the gun was not used to help sell the heroin. We start with the language of § 2K2.1(b)(6)(B), which provides for a four-point enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense" (the "in-connection-with" clause) or if the defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense" (the

4

"reason-to-believe" clause).  U.S.S.G. § 2K2.1(b)(6)(B).  According to the Guidelines commentary, the enhancement applies if the firearm either facilitated "or had the potential of facilitating" another felony offense.  U.S.S.G. § 2K2.1 cmt. n.14(A); see also United States v. Legros, 529 F.3d 470, 474 (2d Cir. 2008). Although the Government argued for the enhancement based on the in-connection-with clause, App'x 147, the District Court never specified which clause it was relying upon.  We conclude that the court could have justified the enhancement under either the "in-connection-with" or the "reason-to-believe" clause based on a preponderance of the evidence.  See United States v. Pica, 692 F.3d 79, 88 (2d Cir. 2012) (applying a "preponderance of the evidence" standard in the context of sentencing).

We address each clause in turn.

1.  In-Connection-With Clause

This Court has held that § 2K2.1(b)(6)(B)'s "in-connection-with" requirement is satisfied so long as a firearm has the potential to "serve[] some purpose with respect" to a defendant's "felonious conduct."  United States v. Spurgeon, 117 F.3d 641, 644 (2d Cir. 1997) (quoting United States v. Wyatt, 102 F.3d 241, 247 (7th Cir. 1996)).  But "where the firearm's presence is merely

5

coincidental to that conduct," we have stated that "the requirement is not met." Id. (quoting Wyatt, 102 F.3d at 247). The question presented in this appeal is whether selling the shotgun could serve some purpose with respect to the simultaneous sale of heroin. We hold that it could, because selling firearms and drugs in the same transaction will normally facilitate both the drug sale and future drug sales, and that is enough to trigger the enhancement under § 2K2.1(b)(6)(B). See United States v. Henry, 819 F.3d 856, 869 (6th Cir. 2016); see also United States v. Reyes, 668 F. App'x 858, 858–59 (11th Cir. 2016); United States v. Bullard, 301 F. App'x 224, 227–28 (4th Cir. 2008); cf. United States v. Lipford, 203 F.3d 259, 266–68 (4th Cir. 2000). Specifically, the firearm sale can facilitate the drug sale by "sweetening the pot" for either the drug seller or buyer. Henry, 819 F.3d at 866. By "offering to purchase not only drugs, but other illegal goods as well," a drug buyer may persuade "the drug seller to take the risks inherent in selling contraband." Lipford, 203 F.3d at 267. And conversely, the drug dealer may "attempt to shore up the [buyer's] drug purchase" by offering to sell her something else. Henry, 819 F.3d at 866. The bottom line is that the simultaneous sales can spur the buyer to keep buying drugs from the same seller by lowering overall costs. See id. at 869. A district

court therefore may apply § 2K2.1(b)(6)(B)'s enhancement to a defendant who sells a firearm and drugs in the same transaction.

With these general principles in mind, we turn to Wood's challenge. Recall that when Wood and Ryan failed to provide the AR-15, they offered to make it up to the CI by giving him more heroin for the same initial overall price. At that point, the District Court was entitled to conclude, they treated the shotgun and heroin as a package deal. And under those circumstances, the District Court could and did justifiably apply the enhancement under the "in-connection-with" clause.

2. Reason-to-Believe Clause

The same four-level enhancement would also have been justified under the "reason-to-believe" clause of § 2K2.1(b)(6)(B). In United States v. Young, the district court found that "Young unlawfully sold a large number of unusually dangerous weapons—AK–47s and TEC–9s—to people he knew to be drug dealers." 811 F.3d 592, 600 (2d Cir. 2016). That finding, we said, "is sufficient to support an inference that he had reason to believe the guns would be used in connection with other felonies." Id. Our conclusion in Young simply recognized the well-known connection between firearms and drug trafficking. See United

States v. Mitchell, 328 F.3d 77, 83 (2d Cir. 2003) (noting that drug dealers commonly keep firearms as "tools of the trade" (quotation marks omitted)).  So when a defendant sells a firearm to a known drug dealer, in most if not all cases it is reasonable to infer that the defendant understood, or had "reason to believe," that the firearm would be used in connection with another felony.

It was easy for the District Court to infer that here.  A week before they sold the CI the shotgun, Wood and Ryan sold him a large quantity (thirty-four grams) of heroin packed into bags for individual sale.  Wood then sold another large quantity of heroin (over twenty-seven grams) to the CI along with the shotgun.  Based on these facts, there was a solid basis to find that Wood had "reason to believe" that the CI was a drug dealer buying the heroin for resale and the shotgun as a tool of his trade.

## CONCLUSION

We have considered Wood's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court with respect to Maurice Wood, No. 18-985, is **AFFIRMED**.