17-4015
*United States v. Keith*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　PIERRE N. LEVAL,
　　　　SUSAN L. CARNEY,
　　　　　　　*Circuit Judges.*

───────────────────────────────

UNITED STATES OF AMERICA,

　　　　*Appellee,*

　　　　　v.　　　　　　　　　　　　　　No. 17-4015

JEFFREY KEITH, AKA BANGIN J,

　　　　*Defendant - Appellant.*

───────────────────────────────

FOR DEFENDANT-APPELLANT:　　　STEVEN Y. YUROWITZ, Esq., New York, NY.

FOR APPELLEE:　　　　　　　　CARINA H. SCHOENBERGER, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 15, 2017, is **AFFIRMED**.

In July 2017, Jeffrey Keith pleaded guilty without a plea agreement to two counts of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. In December 2017, the District Court entered a judgment convicting him and sentencing him primarily to 84 months' imprisonment.

The following statement of facts is drawn from the Presentence Investigation Report, to which Keith did not object and which the District Court adopted. On July 15, 2015, in Kingston, New York, a confidential informant (CI) met with Keith and asked Keith if he had a gun for sale. Keith responded that he did. The CI then asked if Keith had drugs for sale, and Keith said that he would sell the CI 4.5 grams of cocaine as well. Later the same day, Keith and the CI completed the sale, with Keith giving the CI a paper bag containing the gun and drugs and taking $900 in cash as payment. About one month later, on August 14, 2015, Keith sold two more firearms to the CI in exchange for $3,100 in cash. We assume the parties' familiarity with the other underlying facts, the procedural history, and the arguments on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment.

On appeal, Keith raises three challenges. First, he argues that, because his indictment failed to allege that he knew he was a felon when he possessed the firearms, the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), means that the District Court had no jurisdiction over his prosecution under that indictment. Second, he contends that his convictions on the two counts of illegal firearm possession are invalid because the government did not allege, and he did not admit in his plea allocution, that when he possessed the firearms he knew that he was a felon. Third, he disputes the District Court's

addition of four points to his offense level under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm "in connection with" another felony offense. Keith first raised the two initial arguments set forth above in a Rule 28(j) letter filed in this Court on July 25, 2019, soon after the Supreme Court's decision in *Rehaif. See* Dkt. No. 100. At the Court's request, the parties subsequently briefed the impact of *Rehaif* on these proceedings.

### 1. *Jurisdictional Challenge*

Keith argues first that the District Court had no jurisdiction over his prosecution because the operative indictment failed to allege an offense "against the laws of the United States." 18 U.S.C. § 3231. In *Rehaif*, the Supreme Court held that the knowledge requirement of 18 U.S.C. § 924(a)(2) applies not only to the element of possession of a firearm, but also to the provision's status requirement—that is, the status that renders unlawful the individual's possession of a firearm. 139 S. Ct. at 2200. In Keith's case, the unlawful status is that of a felon, as set forth in 18 U.S.C. § 922(g)(1): a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." As relevant here, Keith's indictment charged as follows: "On or about July 15, 2015, in Ulster County in the Northern District of New York, the defendant, JEFFREY KEITH, a/k/a 'Bangin J,' having been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed in and affecting commerce, a firearm." App'x 8-9. As the government concedes, the indictment did not separately charge the element required by *Rehaif*—Keith's own knowledge of his felon status.

Our Court's recent decision in *United States v. Balde*, 943 F.3d 73 (2d Cir. Nov. 13, 2019), now forecloses Keith's jurisdictional argument. In *Balde*, the government prosecuted the defendant for illegal possession of a firearm. There, the indictment alleged that the defendant's possession was unlawful under 18 U.S.C. § 922(g)(5) because of his status as an "alien [who was] illegally or unlawfully in the United States." The defendant in *Balde* challenged the court's jurisdiction to adjudicate the case, making the same argument as does Keith: that is, that "in failing to allege that he had actual knowledge of [the status that rendered his possession of a firearm illegal], the indictment failed to allege a federal crime, and that this defect deprived the district court of jurisdiction." *Balde*, 943 F.3d at 88. Relying

on case law holding that an indictment that specifies a violation of a federal criminal statute, but does not allege all of the required elements, might be deficient on the merits but does not cause a jurisdictional problem, we decided that "the indictment's failure to allege that [the defendant] knew that . . . [his section 922(g) status] was not a jurisdictional defect." *Id.* at 92.

We see no reason to treat Keith's prosecution under section 922(g)(1) any differently. In both cases, the pre-*Rehaif* indictment charging a violation of 18 U.S.C. § 922(g) sufficed to endow the district court with jurisdiction. *See* 18 U.S.C. § 3231. Therefore, that Keith's indictment did not include the element required by *Rehaif* does not affect the District Court's jurisdiction over this case. *Balde* forecloses Keith's argument here.

*2. Rule 11 Challenge to Guilty Plea*

Second, Keith contends that, for his guilty plea to have been knowing and voluntary and therefore enforceable, the indictment should have alleged and the plea proceedings should have made plain that Keith knew of his status as a felon when he unlawfully possessed the firearms. Keith asserts that the District Court did not "inform [him] of, and determine that [he] understands . . . the nature of each charge to which [he] is pleading," as required by Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure, before accepting his plea. Keith further contends that the absence in his plea allocution of any admission by him to the knowledge-of-status element establishes as a matter of law that his plea rested on an inadequate factual basis, in contravention of Rule 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.").

Because Keith did not challenge this aspect of his plea in the District Court, we review the District Court's actions for plain error. *Balde*, 943 F.3d at 95. Plain error has four elements: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 96 (internal quotation marks omitted). Additionally, in "the context of plea proceedings, a defendant must establish that . . . there is a reasonable probability that, but for the error, he

4

would not have entered the plea." *Id.* (internal quotation marks omitted). To establish plain error warranting vacatur, Keith must therefore show that, had the District Court explained the additional element and required Keith to state the factual basis for that element, there is a "reasonable probability" that Keith would not have entered a plea of guilty. *Id.*

Keith has not identified any reason to believe that he would not have pleaded guilty had he been told that the government would need to prove that he knew he was a felon when he possessed the firearms. Keith had been convicted in October 2008 of criminal sale of cocaine and served over two years in prison. The government would have relied on these fact as overwhelming proof of his awareness that he had "been convicted . . . of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019) (affirming section 922(g)(1) conviction under similar circumstances where there was "no reason to think that the government would have had any difficulty at all in offering overwhelming proof that [the defendant] knew that he had previously been convicted of offenses punishable by more than a year in prison"). These facts distinguish this case from *Balde*, where "the nature of [the defendant's section 922(g)] status [as a possibly unlawfully present alien] was hotly contested." *Balde*, 943 F.3d at 97. In *Balde*, "we [could not] conclude . . . that the government's arguments are so strong that Balde would have had no plausible defense at trial and no choice but to plead guilty, even had he known of the element announced in *Rehaif*." *Id.* Here, because the government would have such persuasive proof of Keith's awareness that he was a convicted felon, we see no reasonable probability that Keith would not have entered the plea had the District Court correctly explained the elements of the offense. Keith's plain error argument thus fails.

3. *Sentencing Challenge*

Section 2K2.1(b)(6)(B) of the U.S. Sentencing Guidelines mandates a four-point increase to the otherwise applicable base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." The comments to

5

this Guidelines section further explain that "[s]ubsection[] (b)(6)(B) . . . appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. n.14(A). Keith now challenges the court's application of this four-point enhancement for his July 15, 2015 sale of both cocaine and a handgun to the CI.

We review sentences "for abuse of discretion, a standard that incorporates de novo review of questions of law (including interpretation of the Sentencing Guidelines) and clear-error review of questions of fact." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (brackets and internal quotation marks omitted). We review for clear error the District Court's factual determination that the record supported finding a "connection" between the firearm possession and the drug sale sufficient to warrant application of the four-point enhancement under U.S.S.G. § 2K2.1. *United States v. Dodge*, 61 F.3d 142, 146 (2d Cir. 1995).

Keith argues that his sale of the handgun was not made "in connection with," U.S.S.G. § 2K2.1(b)(6)(B), his felony offense of possession of cocaine with intent to distribute under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) & 851, to which he pleaded guilty. He urges that the tandem sale of the firearm was "merely coincidental" to the drug offense and that the two acts were unconnected. *United States v. Spurgeon*, 117 F.3d 641, 644 (2d Cir. 1997) ("So long as the government proves by a preponderance of the evidence that the firearm served some purpose with respect to the felonious conduct, . . . [the] 'in connection with' requirement is satisfied; conversely, where the firearm's presence is merely coincidental to that conduct, the requirement is not met.").

During the pendency of Keith's appeal, however, we decided *United States v. Ryan*, and held that a sentencing court "may apply § 2K2.1(b)(6)(B)'s enhancement to a defendant who sells a firearm and drugs in the same transaction." 935 F.3d 40, 43 (2d Cir. 2019). In *Ryan*, the defendant sold heroin and a shotgun together to a confidential informant for a single payment of $1,600. *Id.* at 41-42. We explained that, "because selling firearms and drugs in the same transaction will normally facilitate both the drug sale and future drug sales, . . . [it] is enough to trigger the enhancement under § 2K2.1(b)(6)(B)." *Id.* at 42.

6

The record in Keith's case adequately establishes that the sales here are fairly treated as having occurred in "the same transaction" under *Ryan*. Keith and the CI agreed to both sales in a single meeting, and, at a subsequent meeting, Keith transferred the firearm and the cocaine together, in the same bag, at the same time in exchange for a lump sum payment of $900.

Following *Ryan*, we conclude on these facts that the District Court did not abuse its discretion in applying the four-point enhancement.

\* \* \*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 15, 2017, is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court