21-2833 (L)
*United States v. Dear*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-three.

PRESENT:    Amalya L. Kearse,
            Rosemary S. Pooler,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

   v.                                                    No. 21-2833, 21-2834

CHAZ DEAR,

     *Defendant-Appellant.*

_____

*For Appellee*:                    JOCELYN COURTNEY KAOUTZANIS, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

*For Defendant-Appellant*:          ROBERT M. APPLETON, Olshan Frome Wolosky LLP, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Chaz Dear pleaded guilty to unlawful possession of a firearm and ammunition by a felon. Dear's guilty plea was conditional, reserving the right to challenge the district court's denial of his earlier motion to suppress evidence discovered during a search of his residence. He now challenges the denial of that motion and pursues two challenges to his sentence. First, Dear argues that the affidavit underlying the search warrant pursuant to which the police searched his residence did not establish the requisite probable cause. Second, he contends that the district court was wrong to apply a sentence enhancement for possession of a firearm in connection with another felony offense—namely, drug trafficking. Third, he submits that the district court improperly commented on the dangers of gun violence when sentencing Dear.

We conclude that the warrant was supported by probable cause, the district court did not err in applying the sentence enhancement, and the district court's

comments at sentencing were not improper. We assume the parties' familiarity with the underlying facts and procedural history.

**I**

Dear argues that the police searched his residence in violation of the Fourth Amendment. After observing Dear selling marijuana on two separate occasions to a confidential informant, law enforcement officers applied for a search warrant to search Dear's residence. A state court judge issued a warrant to search the residence for—among other things—"any and all illegal drugs" and "any and all firearms." J. App'x 83. The police searched the residence and found a loaded gun as well as packaged heroin and cocaine. Dear contends that the police affidavit underlying the warrant failed to establish probable cause for the warrant. He also claims that certain omissions in the affidavit undermined the validity of the warrant. We disagree.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. The Supreme Court has explained that "[t]he probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). Thus, in evaluating whether police had probable cause to search a residence, we ask "whether the available facts 'warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present.'" *United States v. Pabon*, 871 F.3d 164, 182 (2d Cir. 2017) (quoting *Florida v. Harris*, 568 U.S. 237, 243 (2013)).

Furthermore, when assessing whether an omission in an affidavit is material, we first "'correct' the allegedly defective affidavit by inserting the information withheld from the magistrate judge." *Smith v. Edwards*, 175 F.3d 99,

3

105 (2d Cir. 1999). Then, we "determine whether as a matter of law the corrected affidavit did or did not support probable cause." *Id.* (internal quotation marks and alteration omitted). At that point, "[i]f probable cause remains, no constitutional violation of the plaintiff's Fourth Amendment rights has occurred." *Id.*

Dear argues that the application for a warrant to search his home was improperly predicated "solely on the officers' 'training and experience' that a drug dealer is likely to have more narcotics and firearms inside their home." Appellant's Br. 18; *see id.* at 16; *see also id.* at 6 (describing the application as "[b]ased solely and only on the officers' 'training and experience'"). However, the 24-paragraph affidavit submitted in support of the warrant application was precise with respect to the actual investigation of Dear and the officers' factual basis for believing that probable cause existed to search Dear's home. The first 22 paragraphs recounted, among other things: information that the officers had received from a confidential informant as to drug dealing by a person named "Chaz"; the information's description of distinctive physical characteristics of "Chaz" that matched those of Dear; the informant's past reliability in providing information that had led to arrests and convictions; the execution of two controlled buys of drugs by the informant from Dear, one two months prior to, and one within seven days of, the warrant application; searches of the informant and the informant's vehicle prior to the controlled buys to ensure that the informant held no drugs before the meetings with Dear; surveillances of the informant traveling to and from those two meetings; surveillances of Dear—by officers who personally knew him from prior police dealings with him—as Dear left his building and traveled directly to the place he had chosen for those meetings with the informant; and analysis of the drugs delivered to the informant by Dear.

In the assessment of the sufficiency of what the officers presented as probable cause to search Dear's home, paragraph 23 of the affidavit—citing the officers' training and experience as to *where* drug traffickers typically store their drugs and their operational equipment, including "cell phones," "computers," "packag[ing materials]," and "firearms," *see* J. App'x 80, cannot reasonably be

4

separated from the context of the affidavit's preceding 22 paragraphs as to what the officers knew and observed with respect to Dear, who went directly from his home to the meetings at which he sold the informant drugs. Paragraph 23 cannot reasonably be read in isolation, or as the "sole[] and only" basis, *see* Appellant's Br. 6, for the issuance of the warrant. We conclude that probable cause supported the warrant.

We further conclude that the omitted facts that Dear contends should have been included in the affidavit were not material. According to Dear, the police should have told the warrant-issuing judge that they had visited Dear's residence twice on parole-related visits before the issuance of the warrant and had not found drugs. Dear, a previously convicted felon, was on parole when the officers conducted the visits to his residence. In one of those visits, officers came to Dear's residence only to correct a problem with Dear's ankle monitor and did not search the premises. The second visit did involve an examination of the residence for compliance with the terms of Dear's parole, and that compliance check *did* reveal "signs of drug activity like rubber bands" and other "packaging equipment," as well as a "scale," all found in Dear's bedroom. Although Dear complains that there was no evidentiary hearing on his suppression motion and that the testimony as to these facts was given only at his sentencing hearing, there is no challenge to its accuracy. And if the search warrant application affidavit had mentioned those prior visits, there is no reasonable basis to assume that it would have stated only that the officers did not find drugs and would have omitted mention of the fact that they did find—as they "told [Dear's] mother"—drug paraphernalia." Special App'x 3.

Moreover, Dear's drug sales to the confidential informant occurred *after* the two parole visits. Had the officers included information about the two prior visits in the affidavit, probable cause still would have existed for the search of Dear's residence both because the presence of drug paraphernalia in his residence heightened the probable cause to search his residence and because Dear's subsequent involvement in drug dealing made the earlier visits less relevant.

5

Accordingly, the district court properly denied Dear's motion to suppress the evidence discovered during the search.

**II**

Dear argues that the district court's enhancement of his sentence was erroneous. He contends that the district court erred when it added four levels to Dear's total offense level under the Sentencing Guidelines after the court determined that he possessed the firearm discovered in his home "in connection with another felony offense." J. App'x 423; *see also* U.S.S.G. § 2k2.1(b)(6)(B) (providing for a four-level enhancement of a sentence when a defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense").[1]

Dear claims that the government did not prove by a preponderance of the evidence that he committed the underlying felony required for the enhancement. He also claims that the evidence did not show that the firearm was possessed in connection with the felony. We disagree.

Section 2k2.1(b)(6)(B) of the Sentencing Guidelines recommends an increase of four levels if "the defendant … possessed any firearm or ammunition in connection with another felony offense." "The government bears the burden of proving by a preponderance of the evidence that the defendant committed another felony offense." *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008). The other felony offense must be "punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2k2.1 cmt. n.14(C). The firearm was possessed in connection

---

[1] The calculation resulted in a sentence of seventy-eight months; the district court subtracted three levels because Dear accepted responsibility for his offense, leading to an overall enhancement of one level.

with the felony so long as it had "the potential to serve some purpose with respect to a defendant's felonious conduct" and its presence is more than "merely coincidental to that conduct." *United States v. Ryan*, 935 F.3d 40, 42 (2d Cir. 2019) (internal quotation marks and alteration omitted).

For drug trafficking offenses, possession of a firearm will qualify for the "in connection with another felony offense" four-level enhancement under U.S.S.G. § 2k2.1 if the firearm was "found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2k2.1 cmt. n.14(B). In *United States v. Lewter*, we held that when a "gun was stored within feet of [the defendant's] drug stash," the defendant possessed the gun to "further[] the crime of possession with intent to distribute the contents of that stash." 402 F.3d 319, 322 (2d Cir. 2005).

A preponderance of the evidence established that Dear committed another felony offense—namely, drug trafficking. In his living room were found 1.1 grams of heroin (in four wax folds marked "Worldwide") and 1.6 grams of cocaine (in a plastic bag), which Dear subsequently admitted were his. Text messages on Dear's phone indicated that Dear was dealing drugs shortly before the gun was found. Additionally, Dear tested negative on all of his drug tests during parole and was not a drug addict, further indicating that the drugs were for distribution and not for Dear's own use.

A preponderance of the evidence also established that Dear possessed the firearm in connection with the felony drug trafficking. Dear's firearm was found in close proximity to the heroin and cocaine, satisfying the requirements of U.S.S.G. § 2k2.1 cmt. n.14(B) and comporting with our precedent in *Lewter*. Dear attempts to distinguish this case from *Lewter*, given that the drug quantities here were smaller than those in *Lewter*, but that distinction is immaterial. A defendant may possess a firearm in connection with drug trafficking whether he is dealing smaller or larger quantities of drugs. We conclude that the district court did not err in applying the four-level sentencing enhancement.

7

## III

Dear suggests that the district court's comments at his sentencing hearing amounted to an improper consideration of extraneous factors. At the sentencing hearing, the district court noted that the "Hartford Courant report[ed] a shooting death of a 14 year old boy in Waterbury" and stated that "[w]e have seen record, record gunshot deaths and injuries this year because of young people illegally possessing and indiscriminately and vindictively firing firearms." J. App'x 424-25. The district court lamented that "[t]his is a case which exemplifies the pain and the suffering that we are experiencing in our cities in this state and around the country." *Id.* at 425. In Dear's view, these statements indicate that the district court based Dear's sentence on circumstances other than the facts of his case. We disagree.

A sentencing court possesses "largely unlimited discretion … as to the kind of information it may consider." *United States v. Ramos*, 979 F.3d 994, 1003 (2d Cir. 2020) (alteration omitted) (quoting *United States v. Cacace*, 796 F.3d 176, 190 (2d Cir. 2015)). Still, a judge must disqualify herself when she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

But the district court in this case connected the general comments about gun violence with Dear's offense. Furthermore, the record does not indicate that the district court's comments suggested that Dear should be sentenced any more severely than his own conduct and history warranted. Indeed, the district court had calculated that the Sentencing Guidelines range for Dear's offense was 77-96 months' incarceration, and the district court ultimately sentenced him to 78 months.

Dear pleaded guilty to unlawful possession of a firearm and ammunition by a felon. In mentioning the story about the 14-year-old boy in the newspaper, the district court noted that "text messages between Mr. Dear and his friends indicate that [Dear] shot an individual six years ago when he wasn't much older." J. App'x 424. The district court's comments about "record gunshot deaths and injuries" and

8

"the pain and the suffering that we are experiencing in our cities" appear to have been intended to illustrate how this case "exemplifies" a broader social problem. *Id.* at 425. We cannot say that these reflections rendered the sentence improper. We affirm the judgment of the district court.

*      *      *

We have considered Dear's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court