*United States v. Benedict*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-five.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges,*
> LAWRENCE J. VILARDO,
> *District Judge.\**

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              24-2341

JASON BENEDICT, AKA SEALED DEFENDANT #1,

*Defendant-Appellant.*†

---

FOR APPELLEE:                                    Rajit S. Dosanjh, Assistant United States Attorney, *for* Daniel Hanlon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

---

\* Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLANT:  Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Jason Benedict pleaded guilty to possessing a firearm knowing that he had been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).   The district court sentenced him to a term of 34 months' imprisonment, to be followed by a three-year term of supervised release.   On appeal, he argues that his sentence was substantively unreasonable.   He contends that "the district court relied upon factors that cannot bear the weight the district court assigned to them."   Appellant's Br. at 11.   We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"[A]ppellate review of sentencing decisions is limited to determining" whether a sentence is "reasonable," which is akin to abuse-of-discretion review.   *Gall v. United States*, 552 U.S. 38, 46 (2007) (internal quotation marks omitted).   Reasonableness review has two components: "procedural review and substantive review."   *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008).   We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."   *Gall*, 552 U.S. at 51.   In doing so, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range."   *Id.*   A defendant raising a substantive reasonableness argument "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential."   *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).   We do "not substitute our own judgment for the

district court's," and we will "set aside a district court's substantive determination only in exceptional cases where the [sentencing] court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (internal quotation marks omitted).

Benedict's sentence of 34 months' imprisonment was both within the Guidelines range of 30 to 37 months' imprisonment and substantively reasonable. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). In determining that a 34-month sentence was appropriate, the district court recognized Benedict's significant "criminal history since 1996." App'x at 57. It also considered the seriousness of Benedict's offense conduct. It noted that he "illegally possessed a shotgun as a convicted felon, and then transferred that shotgun to a known trafficker." *Id.*

Benedict argues that the district court erred when it did not credit his claim that he had "no reason to believe Lawrence would use the shotgun for anything other than target shooting." Appellant's Br. at 16. But this is incorrect. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289 (cleaned up). Moreover, we have long recognized the "well-known connection between firearms and drug trafficking." *States v. Ryan*, 935 F.3d 40, 43 (2d Cir. 2019).

Benedict also argues that the district court "does not provide Benedict with needed substance abuse treatment in the most effective manner." Appellant's Br. at 18. But the district

3

court considered his "extensive drug abuse history" at sentencing, recommended that he receive substance abuse treatment in the Bureau of Prisons, and imposed a special condition requiring him to participate in drug treatment after his release.    App'x at 57–60.

Under the circumstances, the Guidelines sentence here was well "within the range of permissible decisions."    *Perez-Frias*, 636 F.3d at 42 (internal quotation marks omitted).    It was not "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice."    *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (cleaned up).

*     *     *

We have considered the remainder of Benedict's arguments and find them to be without merit.    For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court