24-614-cr
United States v. Fable

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-five.

PRESENT:  REENA RAGGI,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　MICHAEL H. PARK,
　　　　　　　　*Circuit Judges*.
------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　　*Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　　　　No. 24-614-cr

DENROY FABLE,

　　　　　　*Defendant-Appellant*.[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:  Elizabeth Latif, Law Offices of Elizabeth A. Latif PLLC, West Hartford, CT

FOR APPELLEE:  Reed Durham, Conor M. Reardon, Assistant United States Attorneys, *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Omar A. Williams, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Denroy Fable appeals from the February 29, 2024[1] judgment of the United States District Court for the District of Connecticut (Williams, *J.*) convicting him after a jury trial of, as relevant here, possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentencing him principally to a term of 78 months' imprisonment. We assume the parties' familiarity with the underlying facts and

---

[1] Fable's notice of appeal indicates that final judgment was entered on February 28, 2024. *See* Notice of Appeal, Dkt. 1. While Fable was sentenced on that date, judgment was entered on February 29, 2024. *See* Dkt. 246, *United States v. Manson*, No. 22-cr-211 (D. Conn. Feb. 29, 2024).

the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.    The DNA Evidence

Fable asserts that the District Court erred in admitting DNA evidence sampled from the magazine of the firearm Fable was charged with unlawfully possessing. He claims that the evidence was unduly prejudicial under Federal Rule of Evidence 403. We review the District Court's admission of the challenged evidence for abuse of discretion. *See United States v. Contorinis*, 692 F.3d 136, 144 (2d Cir. 2012). We ask whether "the ruling was arbitrary and irrational" after "maximiz[ing]" the probative value of the evidence and "minimiz[ing] its prejudicial effect." *United States v. Coppola*, 671 F.3d 220, 244–45 (2d Cir. 2012) (quotation marks omitted).

Fable's principal argument under Rule 403 is that "the jury may have drawn" from the inconclusive result of the DNA testing "an improper inference that [his] DNA [wa]s on the gun . . . ." Appellant's Br. 8. We disagree. The Government's expert witness repeatedly testified that no conclusion as to whether Fable's DNA was on the gun could be drawn from the inconclusive DNA evidence. *See* App'x 542–43; App'x 560; App'x 571. This testimony

3

significantly mitigated the risk of unfair prejudice, and as a result we cannot say that the probative value of the challenged evidence was substantially outweighed by that risk such that it was arbitrary or irrational for the District Court to have admitted it.  *See* Fed. R. Evid. 403.

In any event, we conclude that any error in admitting the evidence was harmless.  *See United States v. Gupta*, 747 F.3d 111, 133 (2d Cir. 2014).  The Government presented overwhelming evidence that Fable possessed the firearm, including other DNA evidence conclusively matching Fable to the trigger area of the firearm, which Fable does not contest on appeal.  The inconclusive DNA result was therefore "unimportant in relation to everything else the jury considered."  *United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (quotation marks omitted).

## II.   Sufficiency of the Evidence

Fable next contends that the Government adduced insufficient evidence that he "possess[ed]" the firearm within the meaning of 18 U.S.C. § 922(g)(1). Although we review *de novo* a challenge to the sufficiency of the evidence supporting a conviction, the defendant bears a "heavy burden."  *United States v. Cuti*, 720 F.3d 453, 461 (2d Cir. 2013) (quotation marks omitted).  We "must

4

uphold the jury verdict if drawing all inferences in favor of the [Government] and viewing the evidence in the light most favorable to the [Government], *any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *Id.* (quotation marks omitted). Relevant here, we have explained that "[t]here are two ways in which the [G]overnment can prove possession within the meaning of § 922(g)." *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002). "The first, actual possession, requires the [G]overnment to show [the] defendant physically possessed the firearm. The second, constructive possession, exists when a person has the power and intention to exercise dominion and control over an object, [which] may be shown by direct or circumstantial evidence." *Id.* (quotation marks omitted) (third alteration in original).

With these principles in mind, we reject Fable's sufficiency challenge. As the District Court described, "DNA evidence ties [Fable] to the trigger area of the firearm." App'x 620. Moreover, the firearm was found in the breast pocket of a "black bomber style jacket with distinctive zippers," which Fable was seen wearing around the time the firearm was seized. App'x 619. Law enforcement officers found the firearm in the same pocket as a cellphone containing "text

5

messages, contacts[,] and communications" indicating that the cellphone belonged to Fable. App'x 619. Drawing all inferences in favor of the Government, we conclude that a rational trier of fact could find beyond a reasonable doubt that Fable possessed the firearm within the meaning of § 922(g)(1). *See, e.g., United States v. Bullock*, 550 F.3d 247, 251 (2d Cir. 2008) (holding similar "quantum of evidence" sufficient to support conviction for constructive possession of ammunition).

## III. 18 U.S.C. § 922(g)(1)

Fable argues that § 922(g)(1) is unconstitutional on its face in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). That argument, which we review here for plain error because Fable failed to raise it before the District Court, is foreclosed by *United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013), and *Zherka v. Bondi*, 140 F.4th 68, 75 (2d Cir. 2025).

## IV. Sentencing Enhancement

Last, Fable challenges the District Court's application of a four-level sentencing enhancement under § 2K2.1(b)(6)(B) of the United States Sentencing Guidelines. We review for clear error the District Court's finding that Fable possessed the firearm found in his coat pocket "in connection with" his co-

6

defendants' narcotics trafficking, as § 2K2.1(b)(6)(B) requires. *See United States v. Ortega*, 385 F.3d 120, 122 n.1 (2d Cir. 2004). We need not here decide whether the conduct of a third party can constitute, by itself, "another felony offense" within the meaning of § 2K2.1(b)(6)(B). Because there is sufficient evidence for the court to make a preponderance finding that Fable participated in drug trafficking— even if he was not charged with that crime—and that Fable's possession of the firearm directly served to facilitate said trafficking, the District Court properly applied the sentencing enhancement.

The "in-connection-with requirement is satisfied so long as a firearm has the potential to serve[] some purpose with respect to [the] felonious conduct." *United States v. Ryan*, 935 F.3d 40, 42 (2d Cir. 2019) (quotation marks omitted) (first alteration in original). The enhancement applies if the firearm "facilitate[s], or ha[s] the potential of facilitating," the other felony offense, which occurs in the case of a drug trafficking offense when the "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1 cmt. n.14(A)–(B); *see Ortega*, 385 F.3d at 123. Because the record shows that officers discovered the firearm in close proximity to drugs and drug packaging and processing materials, the District Court did not clearly err in

finding that Fable possessed the firearm "in connection with" narcotics trafficking.

## CONCLUSION

We have considered Fable's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court