**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11791
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JONATHAN CANIL-LOPEZ,
a.k.a. Cristian Velazquez-Lopez,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:24-cr-00038-CDL-AGH-1

_____

Before NEWSOM, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Jonathan Canil-Lopez appeals his 46-month prison sentence after pleading guilty to reentry of a deported alien previously

convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Canil-Lopez does not challenge the district court's calculation of his advisory guidelines range of 37 to 46 months of imprisonment.  Rather, on appeal, Canil-Lopez contends that (1) the district court gave an insufficient explanation for his 46-month sentence and (2) his sentence was substantively unreasonable.

After careful review, we affirm Canil-Lopez's 46-month prison sentence.

## I.  BACKGROUND

### A.    Canil-Lopez's History and Characteristics

In 2004, Canil-Lopez's parents illegally brought him as a seven-year-old child to the United States from Guatemala.    Ten years later, a teenaged Canil-Lopez pled guilty to the California offense of assault with a deadly weapon.  He served less than a year of an eight-year prison sentence before immigration officials removed him from the United States in April 2018.

Two years later, in March 2020, Border Patrol officers arrested Canil-Lopez in Texas after finding him stowed away in the air dam of a semi-truck.  Canil-Lopez served eighteen months in federal prison for illegal reentry and, upon his release in June 2021, immigration officials again removed him from the United States.

### B.    Canil-Lopez's Current Conviction and Related Filings

Sometime between 2021 and 2024, Canil-Lopez unlawfully reentered the United States.  In November 2024, the Columbus,

Georgia Police Department arrested Canil-Lopez for driving under the influence and driving without a license. Though there is some indication that Canil-Lopez pled guilty to these Georgia offenses, he disputes whether he did so.

Nonetheless, at the federal level, Canil-Lopez pled guilty to one count of illegally reentering the United States after having been removed and previously convicted of an aggravated felony, the California conviction for assault with a deadly weapon. In preparation for sentencing, a probation officer prepared Canil-Lopez's presentence investigation report ("PSI").

The probation officer calculated a total offense level of 19 based on: (1) a base offense level of eight under U.S.S.G. § 2L1.2(a); (2) a four-level increase under U.S.S.G. § 2L1.2(b)(1)(A) because Canil-Lopez previously reentered the United States unlawfully; (3) a ten-level increase under U.S.S.G. § 2L1.2(b)(2)(A) because Canil-Lopez committed a felony before he was removed from the United States for the first time; and (4) a three-level reduction under U.S.S.G. § 3E1.1 to reflect Canil-Lopez's acceptance of responsibility.

The probation officer determined that Canil-Lopez had seven criminal history points: three for his assault with a deadly weapon conviction, three for his illegal reentry conviction, and one for his purported Georgia driving convictions. The probation officer found that Canil-Lopez's seven criminal history points corresponded to a category IV criminal history. Based on Canil-Lopez's total offense level and category IV criminal history,

the probation officer calculated his advisory guidelines imprisonment range as 46 to 57 months. The maximum sentence for Canil-Lopez's illegal reentry offense is 20 years.

Canil-Lopez filed a sentencing memorandum arguing that the district court should impose a sentence below the guidelines range in light of his history and characteristics. Specifically, Canil-Lopez emphasized that these factors mitigated his reentry crime: (1) his age (16) when he committed the assault with a deadly weapon; (2) his parents bringing him to the United States when he was seven years old; (3) his consequential unfamiliarity with Guatemala; and (4) his familial ties in the United States.

## C.    The Sentencing Hearing

At the sentencing hearing, Canil-Lopez requested a continuance of the hearing so that his counsel could investigate the purported plea to the Georgia driving offenses. After realizing that a 46-month sentence would be within the advisory guidelines range regardless of whether Canil-Lopez's criminal history category was III or IV, the district court proposed disregarding the criminal history point for Canil-Lopez's Georgia driving offenses in order to continue with the sentencing. Based on the district court's offer to disregard the criminal history point, Canil-Lopez withdrew his request for a continuance.

The removal of the criminal history point brought Canil-Lopez's criminal history category down from IV to III, which yielded an advisory guidelines range down from 46 to 57 months

of imprisonment (as calculated in the PSI) to 37 to 46 months of imprisonment. *See* U.S.S.G. Ch. 5, Pt. A.

Before imposing Canil-Lopez's prison sentence, the district court (1) discussed Canil-Lopez's prior illegal reentry offense; (2) inquired as to his assault with a deadly weapon conviction; (3) listened to argument regarding Canil-Lopez's motion for a downward variance; and (4) explained that the 18 U.S.C. § 3553(a) factors justified a 46-month sentence.[1]  The district court did not impose a term of supervised release, but did order that Canil-Lopez "be delivered to a duly authorized Immigration and Customs Enforcement official for the appropriate proceedings" upon completion of his custodial sentence.

## II.  DISCUSSION

On appeal, Canil-Lopez contends that the district court (1) procedurally erred by insufficiently explaining its rationale for the length of his sentence; and (2) imposed a substantively

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the sentencing commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

6                    Opinion of the Court                25-11791

unreasonable sentence by improperly balancing the § 3553(a) factors and denying his request for a downward variance.[2]

In reviewing a sentence for reasonableness, we use a two-step process. *United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir. 2016). First, we ensure the district court committed no significant procedural error, which includes "failing to adequately explain the chosen sentence." *Id.* at 936. Second, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

## A.    Procedural Reasonableness

To begin, Canil-Lopez did not preserve his procedural argument challenging the sufficiency of the district court's explanation for his sentence because Canil-Lopez only objected to the substantive reasonableness of his sentence. *See United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (en banc). As such, we review this procedural issue for plain error.[3] *Id.*

---

[2] A sentence can be unreasonable in two ways: procedurally or substantively. *United States v. Jackson*, 997 F.3d 1138, 1141 (11th Cir. 2021). Canil-Lopez incorrectly frames his insufficient explanation argument as rendering his sentence *substantively* unreasonable. Rather, such an argument is a question of *procedural* reasonableness. *See United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023).

[3] To prevail on plain error review, Canil-Lopez must show: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *See Steiger*, 99 F.4th at 1324. If Canil-Lopez makes this showing, we

25-11791                Opinion of the Court                7

The district court always must "state in open court the reasons for its imposition of the particular sentence."  18 U.S.C. § 3553(c).  Accordingly, a district court imposes a procedurally unreasonable sentence when it fails to adequately explain why it chose the sentence it imposed.  *United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023).  Such an explanation is inadequate when the district court does not set forth a "reasoned basis" for its decision.  *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020).

Put simply, "it isn't onerous to comply with Section 3553(c)."  *Steiger*, 99 F.4th at 1322.  Indeed, "[i]n conceptually simple cases in which the record makes clear that the sentencing judge considered the evidence and arguments, a district court's statement that a within-guidelines sentence is appropriate can be sufficient."  *Id*. at 1321-22 (internal quotation marks omitted) (quoting *Rita v. United States*, 551 U.S. 338, 358-59 (2007)).

Here, the district court did not plainly err in its explanation of Lopez's within-guidelines sentence because it provided a reasoned basis for its decision by (1) emphasizing Lopez's prior illegal reentry offense and (2) explaining that its individualized assessment of the § 3553(a) factors justified Lopez's sentence.  *See Cabezas-Montano*, 949 F.3d at 609.  While it would probably

---

have discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id*.

alleviate such appeals if the district court just said a little more, we cannot say the district court was required to do so.

## B.    Substantive Reasonableness

We review the substantive reasonableness of a sentence for an abuse of discretion in light of the § 3553(a) factors and the totality of the circumstances. *Oudomsine*, 57 F.4th at 1266. The party challenging the sentence, here Canil-Lopez, bears the burden of establishing that it is unreasonable. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

"A district court abuses its discretion" and imposes a substantively unreasonable sentence "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citing *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).

Although a district court must consider all the relevant § 3553(a) factors, a district court may give more weight to some § 3553(a) factors than others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). Relevant here, a district court may give particular weight to deterrence when the defendant repeatedly commits the same type of offense. *Id.* at 1356. The district court had full discretion to weigh deterrence, and its decision to do so was reasonable given Canil-Lopez's repeated illegal reentry offenses. *See United States v. McQueen*, 727 F.3d 1144, 1158 (11th Cir.

2013); *see also Butler*, 39 F.4th at 1356.  Moreover, "we ordinarily expect" a within-guidelines sentence—such as Canil-Lopez's 46-month sentence—to be substantively reasonable.  *United States v. Blanco*, 102 F.4th 1153, 1168 (11th Cir.) (quoting *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015)), *cert. denied*, 145 S. Ct. 774 (2024).

### III.  CONCLUSION

For these reasons, we affirm Canil-Lopez's 46-month prison sentence.

**AFFIRMED.**